IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**VARRY EDWARDS ANDERSON, Et Al,**               **Plaintiffs**

**VERSUS**                              Cause No. 4:03cv311-MB

**GENERAL MOTORS ACCEPTANCE
CORPORATION; et al**                        **Defendants**

## ORDER

This cause comes before the court on the motion of defendants for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiffs have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted as to plaintiffs' federal Equal Credit Opportunity Act ("ECOA") claims.

The second amended complaint in this action was filed by fourteen plaintiffs against GMAC, GM, seven automobile dealerships and four current or former employees of the dealership defendants. In their complaint, plaintiffs seek recovery under the ECOA as well as under state law for defendants' alleged failure to disclose certain information in connection with retail installment sales contracts to purchase vehicles. In their complaint, plaintiffs allege that:

> Plaintiffs each asked if they were getting the best interest rate possible and were uniformly told by the defendants that the deal was the best they could receive or that the interest rate was the best rate that these defendant would be able to get from the plaintiffs. These representations were not true and the defendants knew or should have known that they were not true. The plaintiffs relied upon these representations.

Plaintiffs allege that GMAC's loan practices had the effect of making it more difficult for African-American customers to obtain loans at low rates and that this disparity gave rise to

violations of federal and state law.

From reviewing the record, it appears that the Magistrate Judge has limited the instant motion for summary judgment to statute of limitations issues. As explained *infra*, it is clear that a statute of limitations defense is sufficient to defeat plaintiffs' federal claims, but the court is not prepared to conclude at this juncture that this is the case with plaintiffs' state law claims.[1] At any rate, the parties very much dispute whether plaintiffs' state law claims have substantive merit, and the court deems it a better practice to consider all defenses relating to these state law claims at the same time. The court therefore declines to rule on plaintiffs' state law claims at this juncture.

Turning to plaintiffs' ECOA claims, this federal statute is subject to a two-year statute of limitations providing that, with certain exceptions inapplicable here, "(n)o such action shall be brought later than two years from the date of the occurrence of the violation." 15 U.S.C. § 1691e(f). In *Mays v. Buckeye Rural Electric Co-op*, 277 F.3d 873, 879 (6th Cir. 2002), the Sixth Circuit Court of Appeals observed as follows:

> Claims under the ECOA and its implementing regulations are subject to a two-year statute of limitations. 15 U.S.C. § 1691e(f). Courts construing the ECOA's limitations period have concentrated their attention on the discriminatory conduct giving rise to a statutory or regulatory claim. *See, e.g., Ramsdell v. Bowles*, 64 F.3d 5, 9 (1st Cir.1995); *Farrell v. Bank of N.H.-Portsmouth,* 929 F.2d 871, 873-74 (1st Cir.1991); *Riggs Nat'l Bank of Wash., D.C. v. Webster*, 832 F.Supp. 147, 151 (D.Md.1993); *Stern v. Espirito Santo Bank of Fla.*, 791 F.Supp. 865, 868-69 (S.D.Fla.1992). The general thrust of these cases, as stated by the Supreme Court of Iowa, is: "The statute's focus is upon the time of discriminatory actions, not at the time at which the consequences of the action become painful." *Marine Am. State Bank of Bloomington, Ill. v. Lincoln*, 433 N.W.2d 709, 712

---

[1] The court does not deem defendants' state law statute of limitations arguments to be as strong as their federal ones, given that Mississippi's general three-year statute of limitations is longer than the ECOA one and is subject to a discovery rule. *See* Miss. Code Ann. § 15-1-49.

2

(Iowa 1988).

In their complaint, plaintiffs allege that the "Finance Markup Charge" used by GMAC had a "disproportionately negative effect on African-Americans" and that this negative effect violated the ECOA. Defendants persuasively argue, however, that any such ECOA violation would have occurred at the time plaintiffs entered into their installment sales contracts and that the two-year statute of limitations began to run at this date.[2]

Plaintiffs' complaint was originally filed in state court in December 2002, and they filed their amended complaint alleging ECOA violations in August 2005. Plaintiffs concede that they signed the installment contracts at issue between "1988 and January 1999," and it is thus apparent that each plaintiff originally filed suit in excess of two years after signing the contracts in question, even assuming that the limitations period is calculated by reference to the December 2002 complaint.[3] Plaintiffs contend that a discovery rule should apply, arguing that they did not learn of their potential claims until long after they signed the contract in question. In response to the extensive authority cited by defendants, plaintiffs cite a single 1994 decision holding that a discovery rule should apply to the ECOA statute of limitations, *see Jones v. Citibank*, 844 F. Supp. 437 (N.D. Ill. 1994), but this court finds the authorities cited by defendants to be more persuasive.

Regardless, the court would note that it appears that plaintiffs' ECOA claims would be

---

[2]Defendants buttress their arguments in this regard with legislative history of the ECOA statute of limitations provision which history does appear to support the previously cited authorities holding that no "discovery rule" applies to the two-year ECOA statute of limitations.

[3]It is unclear to this court whether the ECOA limitations period would relate back to the filing of a complaint alleging solely state law claims, but the court will assume *arguendo* that it does.

3

time-barred even if a discovery rule were held to apply. Plaintiffs argue that "while the earliest possible notice of possible discrimination against African-Americans was [an] October 2000 New York Times article, that article deal with GMAC ... litigation in *Tennessee* (rather than Mississippi)." Plaintiffs argue that any notice which they received from the GMAC litigation in Tennessee would not constitute notice for the purpose of any hypothetical ECOA discovery rule, but the court does not agree. In the court's view, the article in question gave plaintiffs sufficient cause to investigate whether GMAC used similar practices in this state, and it is therefore apparent that the December 2002 complaint was not timely filed even if the court is to assume *arguendo* that a discovery rule applies to the ECOA. The court therefore concludes that plaintiffs' ECOA claims are time-barred and are due to be dismissed.

It is therefore ordered that defendants' motion for summary judgment is granted as to plaintiffs' ECOA claims.[4]

**SO ORDERED**, this the 12th day of July, 2006.

                                                   /s/ Michael P. Mills
                                                 **UNITED STATES DISTRICT JUDGE**

---

[4] The dealership defendants have joined the GM defendants' motion for summary judgment, and the court sees no reason whatsoever as to why the court's analysis regarding statute of limitations issues should not apply equally to any ECOA claims asserted by plaintiffs against the dealership defendants. If plaintiffs have any arguments as to why any other defendants should be treated differently than the GM defendants for ECOA statute of limitations purposes, they may raise these arguments in the form of a motion to reconsider.